SEYFARTH SHAW LLP
Heriberto Alvarez, Jr. (SBN 307048)
halvarez@seyfarth.com
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017-5793
Telephone: (213) 270-9600
Facsimile: (213) 270-9601

Attorneys for Defendant
ALASKA AIRLINES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAYLA POLL, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ALASKA AIRLINES, INC.; and DOES 1 TO 100, INCLUSIVE,<br><br>Defendants. | Case No. 3:26-cv-8820<br><br>(San Mateo County Superior Court Case No. 26-CIV-05305)<br><br>**DEFENDANT ALASKA AIRLINES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**<br><br>Complaint Filed: July 6, 2026<br><br>Complaint served on Defendant Alaska Airlines, Inc.: July 23, 2026 |

# TABLE OF CONTENTS

**Page**

I. TIMELINESS OF REMOVAL .......... 2
II. DIVERSITY JURISDICTION .......... 2
A. Plaintiff is a Citizen of Nevada. .......... 2
B. Alaska Airlines is Not a Citizen of California. .......... 3
C. Doe Defendants' Citizenship is Irrelevant to Diversity. .......... 4
D. The Amount in Controversy Exceeds $75,000. .......... 4
III. VENUE .......... 11
IV. NOTICE OF REMOVAL .......... 11
V. PRAYER FOR REMOVAL .......... 11

## TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Abrego v. The Dow Chem. Co.*,
443 F.3d 676 (9th Cir. 2006) .......... 4

*Ackerman v. Western Elec. Co., Inc.*,
643 F. Supp. 836 (N.D. Cal. 1986) .......... 7

*Armstrong v. Church of Scientology Int'l*,
243 F.3d 546 (9th Cir. 2000) .......... 2

*Behrazfar v. Unisys Corp.*,
687 F. Supp. 2d 999 (C.D. Cal. 2009) .......... 5

*Cassino v. Reichhold Chemicals, Inc.*,
817 F.2d 1338 (9th Cir. 1997) .......... 7

*Chavez v. JPMorgan Chase & Co.*,
888 F.3d 413 (9th Cir. 2018) .......... 5

*Conrad Assocs v. Hartford Accident & Indem. Co.*,
994 F. Supp. 1196 (N.D. Cal. 1998) .......... 5

*Crum v. Circus Circuit Enters.*,
231 F.3d 1129 (9th Cir. 2000) .......... 7

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
574 U.S. 81 (2014) .......... 5

*Fristoe v. Reynolds Metals Co.*,
615 F.2d 1209 (9th Cir. 1980) .......... 4

*Fritsch v. Swift Transp.*,
899 F.3d 785 (9th Cir. 2018) .......... 9

*Galt G/S v. JSS Scandinavia*,
142 F.3d 1150 (9th Cir. 1998) .......... 5, 9

*Gibson v. Chrysler Corp.*,
261 F.3d 927 (9th Cir. 2001) .......... 5, 9

*Glenn-Davis v. City of Oakland*,
2008 WL 410239 (N.D. Cal. 2008) .......... 7

*Guglielmino v. McKee Foods Corp.*,
506 F.3d 696 (9th Cir. 2007) ....................................................................................4

*Hertz Corp. v. Friend*,
559 U.S. 77 (2010)....................................................................................................3

*James v. Childtime Childcare, Inc.*,
2007 WL 1589543 (E.D. Cal. June 1, 2007) ............................................................7

*Kanter v. Warner-Lambert Co.*,
265 F.3d 853 (9th Cir. 2001) ....................................................................................2

*Kantor v. Wellesley Galleries, Ltd.*,
704 F.2d 1088 (9th Cir. 1983) ..................................................................................2

*Korn v. Polo Ralph Lauren Corp.*,
536 F. Supp. 2d 1199 (E.D. Cal. 2008).....................................................................5

*Kroske v. U.S. Bank Corp.*,
432 F.3d 976 (9th Cir. 2005) ....................................................................................8

*Lew v. Moss*,
797 F.2d 747 (9th Cir. 1985) ....................................................................................2

*Lewis v. Verizon Communs., Inc.*,
627 F.3d 395 (9th Cir. 2010) ....................................................................................4

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
119 S. Ct. 1322 (1992)..............................................................................................2

*Rippee v. Boston Market Corp.*,
408 F. Supp. 2d 982 (S.D. Cal. 2005).......................................................................5

*Sanchez v. Monumental Life Ins. Co.*,
102 F.3d 398 (9th Cir. 1996) ....................................................................................4

*Secru v. Laboratory Corp. of America*,
2009 WL 3755763 (D. Nev. Nov. 9, 2009) ..............................................................7

*Simmons v. PCR Tech.*,
209 F. Supp. 2d 1029 (N.D. Cal. 2002) ....................................................................8

*State Farm Mut. Auto Ins. Co. v. Dyer*,
29 F.3d 514 (10th Cir. 1994) ....................................................................................2

*Taylor v. Trees, Inc.*,
58 F.Supp.3d 1092 (E.D. Cal. Nov. 5, 2014).............................................................6

*Tellez-Lagunas v. Hyatt Corp.*,
2022 WL 5133501 (S.D. Cal. Oct. 4, 2022) .......... 8

*Thompson v. Big Lots Stores, Inc.*,
2017 WL 590261 (E.D. Cal. 2017) .......... 8

*Traxler v. Mulnomah County*,
569 F.3d 1007 (9th Cir. 2010) .......... 7

*Valdez v. Allstate Ins. Co.*
372 F.3d 1115 (9th Cir. 2004) .......... 4, 5

*Ward v. Cadbury Schweppes Bottling Grp.*,
2011 WL 7447633 (C.D. Cal) .......... 8

**State Cases**

*Crawford v. DIRECTV, Inc.*,
2010 WL 5383296 (Sacramento County Sup. Ct. 2010) .......... 9

*Davis v. Robert Bosch Tool Corp.*,
2007 WL 2014301 (Cal. Ct. App. 2d Dist. July 13, 2007) .......... 9

*Denenberg v. Cal. Dep't of Transp.*,
2006 WL 5305734 (San Diego County Sup. Ct. 2006) .......... 9

*Mathews v. Happy Valley Conference Ctr.*,
43 Cal. App. 5th 236 (Cal. Ct. App. 2019) .......... 8, 10

*McCray v. Westrock Services, LLC*,
2023 WL 6572683 (Aug. 24, 2023) .......... 10

*Parker v. Twentieth Century-Fox Film Corp.*,
3 Cal. 3d 176 (1970) .......... 6

*Quemada v. Cordoba Corporation*,
2019 WL 8581402 (Los Angeles County Sup. Ct.) .......... 10

*Roby v. McKesson Corp.*,
47 Cal. 4th 686 (2009) .......... 10

*Vasquez v. Los Angeles Cnty. Metro. Transp. Auth.*,
2013 WL 7852947 (Los Angeles County Sup. Ct.) .......... 8

*Welch v. Ivy Hill Corp.*,
2011 WL 3293268 (Los Angeles County Sup. Ct.) .......... 8

**Federal Statutes**

28 U.S.C. § 84(c)(2) ........ 11
28 U.S.C. § 1332 ........ 1, 4
28 U.S.C. § 1332(a) ........ 10
28 U.S.C. § 1332(a)(1) ........ 2
28 U.S.C. § 1332(c)(1) ........ 3
28 U.S.C. § 1441(a) ........ 1, 2, 4, 11
28 U.S.C. § 1441(b) ........ 1
28 U.S.C. § 1446 ........ 1
28 U.S.C. § 1446(a) ........ 11
28 U.S.C. § 1446(b) ........ 2
28 U.S.C. § 1446(d) ........ 11

**State Statutes**

California Fair Employment and Housing Act ........ 1, 6
California Family Rights Act ........ 1

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF KAYLA POLL AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Alaska Airlines, Inc. ("Alaska Airlines" or "Defendant") files this notice of removal pursuant to 28 U.S.C. §§ 1332 and 1441(a) and (b) and 1446, based on diversity of citizenship jurisdiction, in order to effect the removal of the above-captioned action from the California Superior Court for the County of San Mateo to the United States District Court for the Northern District of California, and states that the removal is proper for the following reasons:

1. On July 6, 2026, Plaintiff Kayla Poll ("Plaintiff") filed a lawsuit in the California Superior Court for San Mateo County entitled *Kayla Poll v. Alaska Airlines, Inc. and Does 1 to 100, inclusive*, Case No. 26-CIV-05305 (the "State Court Action").

2. The Complaint in the State Court Action alleges the following claims: (i) disability discrimination under California's Fair Employment and Housing Act ("FEHA"); (ii) retaliation under FEHA; (iii) retaliation under the California Family Rights Act ("CFRA"); (iv) failure to prevent discrimination and retaliation under FEHA; and (v) wrongful termination in violation of public policy.

3. True and correct copies of the Summons and Complaint are attached as **Exhibit A** to the Declaration of Heriberto Alvarez, Jr. ("Alvarez Declaration" or "Alvarez Decl.").

4. On July 23, 2026, Plaintiff served the Summons and Complaint on Alaska Airlines, Inc. A true and correct copy of the Proof of Service is attached as **Exhibit B** to the Alvarez Declaration.

5. On August 24, 2026, Alaska Airlines filed in the San Mateo County Superior Court an Answer and general denial to Plaintiff's Complaint. A true and correct copy of the Answer is attached as **Exhibit C** to the Alvarez Declaration.

## I. TIMELINESS OF REMOVAL

6. This Notice of Removal is filed timely as it is filed less than one year from the date the State Court Action was commenced and within thirty days of service upon Alaska Airlines. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 119 S. Ct. 1322 (1992) (holding that thirty-day deadline to remove commences upon service of the summons and complaint).

7. Here, Plaintiff served the Summons and Complaint upon Alaska Airlines on July 23, 2026. Alaska Airlines initiated this removal on Augst 24, 2026, within 30 days after being served. Accordingly, this removal is timely.

## II. DIVERSITY JURISDICTION

8. Removal of this action to this Court is proper under 28 U.S.C. § 1441(a) because this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a)(1) since this action involves citizens of different states, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

### A. Plaintiff is a Citizen of Nevada.

9. Upon information and belief, Plaintiff is, and at time of the initiation of the State Court Action was, a citizen of the State of Nevada. For diversity purposes, a natural person is a "citizen" of the state in which they are domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1985)). A person's domicile is the place they reside with the intent to remain indefinitely. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Residence is *prima facie* evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 29 F.3d 514, 520 (10th Cir. 1994).

10. Upon information and belief, Plaintiff is a resident and citizen of the State of Nevada. In fact, the Complaint alleges that Plaintiff "is a resident of Clark County, Nevada…" Alvarez Decl., Exhibit A ¶ 4.

11. Moreover, based on information from Plaintiff's employment records and information submitted to Alaska Airlines, including the address where her 2025 IRS Form W-2 was mailed, Plaintiff's address is located in the State of Nevada. Alvarez Decl. ¶ 5. This demonstrates "an intent to remain" in Nevada and establishes domicile in Nevada. Neither Plaintiff nor Plaintiff's counsel has provided a different address or indicated that Plaintiff is domiciled somewhere other than the State of Nevada. Plaintiff, therefore, is, and has been at all times since this action commenced, a citizen of Nevada.

**B. Alaska Airlines is Not a Citizen of California.**

12. Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."

13. As the United States Supreme Court has explained:

> "[P]rincipal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." And in practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the "nerve center," and not simply an office where the corporation holds its board meetings.

*Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

14. Alaska Airlines is incorporated under the laws of the State of Alaska. Further, all of Alaska Airlines' corporate offices—from which its officers direct, control, and coordinate its activities—are located in SeaTac, Washington. Accordingly, Alaska Airlines' principal place of business is located in the State of Washington. Therefore, Alaska Airlines is a citizen of the State of Washington pursuant to the "nerve center" test and is also a citizen of the State of Alaska pursuant to its state of incorporation. *Id.*

**C. Doe Defendants' Citizenship is Irrelevant to Diversity.**

15. Pursuant to 28 U.S.C. § 1441(a), the resident of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (holding that unnamed defendants are not required to join in a removal petition). Accordingly, the existence of unknown Doe defendants does not deprive this Court of diversity jurisdiction.

**D. The Amount in Controversy Exceeds $75,000.**

16. Although Alaska Airlines denies liability as to Plaintiff's alleged claims and also denies that Plaintiff has suffered any damages recoverable from Alaska Airlines, the amount-in-controversy requirement is satisfied here because it is "more likely than not" that the amount Plaintiff seeks to recover in this action exceeds the sum of $75,000 exclusive of interest and costs. See *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) (holding that evidence establishing amount in controversy "more likely than not" exceeds threshold requirement sufficient for diversity jurisdiction) (collecting cases).

17. Where a complaint does not allege a specific amount in damages (as is the case here), the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds the statutory minimum. *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007). Further, "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Communs., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). "[T]he amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.* 372 F.3d 1115, 1117 (9th Cir. 2004).

18. As the Supreme Court has explained, a "defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the

jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) ("[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."); see also *Valdez*, 372 F.3d at 1117 ("the parties need not predict the trier of fact's eventual award with one hundred percent accuracy."). Defendants are not obligated to "research, state, and prove the plaintiff's claims for damages." *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 999, 1004 (C.D. Cal. 2009) (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-1205 (E.D. Cal. 2008)); *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (noting that the inquiry is "what is in controversy" by the plaintiff's complaint, not what a defendant will actually owe).

19. In determining the amount in controversy, the Court is to look at the "amount at stake in the underlying litigation," including any attempt by the plaintiff to recover future damages." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018). The Court must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees. See *e.g.*, *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action."); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether award is discretionary or mandatory); *Conrad Assocs v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages). The calculations supporting the amount in controversy are based on Plaintiff's potential recovery pursuant to the claims alleged in the Complaint, assuming, without any admission, the truth of the allegations and assuming liability (which Alaska Airlines disputes) based on Plaintiff's theory of recovery.

20. Here, Plaintiff alleges that she is seeking, *inter alia*, back pay, front pay, and other special damages; general damages; punitive damages; pre-judgment and post-judgment interest on all damages awarded; reasonable attorneys' fees; and costs of suit incurred. Alvarez Decl., Exhibit A (Prayer). Plaintiff alleges her economic damages include "substantial losses in earnings and other employment benefits." *See, e.g.*, *id*. at ¶¶ 21, 29, 39, 45, and 55. She also alleges that she "has suffered and continues to suffer general damages…" *See, e.g., id*. at ¶¶ 22, 30, 40, 46, and 56. Further, Plaintiff requests punitive damages against Defendant. *See, e.g., id*. at ¶¶ 23, 31, 41, 47, and 57.

21. **Economic Damages.** Plaintiff's Complaint alleges, *inter alia*, claims under FEHA. Under FEHA, a prevailing plaintiff is entitled to lost compensation, including fringe benefits, in the amount that she should or would have received but-for the adverse employment action (less sums obtained through mitigation). *Parker v. Twentieth Century-Fox Film Corp.*, 3 Cal. 3d 176, 181 (1970); *Taylor v. Trees, Inc.*, 58 F.Supp.3d 1092, 1103-04 (E.D. Cal. Nov. 5, 2014).

22. Plaintiff alleges that she began working for Alaska Airlines in February 2018. Alvarez Decl., Exhibit A ¶ 7. She further alleges that her employment with Alaska Airlines was terminated on July 15, 2025. *Id.* ¶ 14. Defendant's employment records indicate that Plaintiff was hired in February 2018 by Virgin America Airlines, and that as a result of Alaska Airlines acquiring Virgin America Airlines, Plaintiff was transferred to Alaska Airlines in January 2019. Alvarez Decl. ¶ 6. Defendant's employment records also indicate that Plaintiff's employment was terminated on or about July 15, 2025. *Id*. Further, Defendant's records indicate that, in Plaintiff's last full year of employment (2024), she earned $15,137.83. *Id.* That amount equals to about $1,261.49 per month.

23. Conservatively estimating an August 2027 trial date (*i.e.*, twelve months after the removal), approximately 25 months would have elapsed from the date of

Plaintiff's termination to trial. Plaintiff's past lost wages alone could amount to up to $31,537.25.[1]

24. In addition to back pay, a plaintiff who prevails on a claim for wrongful termination or discriminatory discharge of employment may be entitled to an award of front pay in lieu of reinstatement. *See e.g.*, *Cassino v. Reichhold Chemicals, Inc.*, 817 F.2d 1338, 1346 (9th Cir. 1997) (stating that a court has discretion to award front pay in lieu of reinstatement); *Secru v. Laboratory Corp. of America*, 2009 WL 3755763, at *2, n.3 (D. Nev. Nov. 9, 2009) (future lost wages along can satisfy amount in controversy); *James v. Childtime Childcare, Inc.*, 2007 WL 1589543, at *2, n.1 (E.D. Cal. June 1, 2007) (while courts evaluate the amount in controversy at the time of removal, future lost wages are properly considered in that calculation); *see also Crum v. Circus Circuit Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000) (future damages are properly considered in determining amount in controversy).

25. An award of three years of front pay would entitle Plaintiff an additional recovery of up to $45,413.64.[2] *See Traxler v. Mulnomah County*, 569 F.3d 1007, 1015 (9th Cir. 2010) (upholding district court's decision to award nearly four years of front pay in a wrongful termination suit); *see also Glenn-Davis v. City of Oakland*, 2008 WL 410239, *4 (N.D. Cal. 2008) (finding three years of front pay "appropriate" in a discrimination suit); *Ackerman v. Western Elec. Co., Inc.*, 643 F. Supp. 836, 856 (N.D. Cal. 1986) (same).

26. Accordingly, Plaintiff's alleged lost wages could total $76,950.89, which exceeds the minimum amount-in-controversy amount for purposes of diversity jurisdiction.[3]

27. **Emotional Distress Damages.** Emotional distress damages may be considered in assessing the amount-in-controversy, and courts may look to damages

---

[1] ($1,261.49 monthly) x (25 months through trial) = $31,537.25.
[2] ($1,261.49 monthly) x (36 months of front pay) = $45,413.64.
[3] ($31,537.25 estimated back pay) + ($45,413.64 estimated front pay) = $76,950.89.

awarded in similar cases in the geographic area. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) ("[T]he district court properly considered … emotional distress damage awards in similar discrimination cases in Washington."). The comparator cases need not be perfectly analogous. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002) (finding that although the defendant's cited case was "not perfectly analogous," it still sufficiently "indicate[d] that emotional distress damages in a successful employment discrimination case may be substantial"); *Tellez-Lagunas v. Hyatt Corp.*, 2022 WL 5133501, at *4 (S.D. Cal. Oct. 4, 2022).

28. In *Thompson v. Big Lots Stores, Inc.*, 2017 WL 590261, *4 (E.D. Cal. 2017), the District of California held that "[i]n determining the amount in controversy, a court may assess likely emotional distress damages by reference to damages awards in similar discrimination cases." Applying that rule, the *Thompson* court found the defendant met its burden of showing that damages awards for emotional distress in analogous cases are often substantial, where the defendant pointed to a jury award of $122,000 in emotional distress damages to an employee who sued for discrimination and wrongful termination. *Id.*

29. In fact, such damages often exceed $122,000. A review of jury verdicts in California demonstrates as much. *See, e.g., Vasquez v. Los Angeles Cnty. Metro. Transp. Auth.*, 2013 WL 7852947 (Los Angeles County Sup. Ct.) (award of $1,250,000 for pain and suffering to employee in discrimination action); W*ard v. Cadbury Schweppes Bottling Grp.*, 2011 WL 7447633 (C.D. Cal) (jury award $5,600,000 in non-economic damages in discrimination and retaliation case); *Welch v. Ivy Hill Corp.*, 2011 WL 3293268 (Los Angeles Sup. Ct.) (award of $1,270,000 in pain and suffering to employee in a discrimination action); *Mathews v. Happy Valley Conference Ctr.*, 43 Cal. App. 5th 236, 247 (Cal. Ct. App. 2019) (award of $275,000 in non-economic damages for suit alleging retaliatory termination under several legal theories.). These awards demonstrate

that, for diversity purposes, the alleged value of Plaintiff's alleged emotional distress damages exceeds the $75,000 amount in controversy requirement.

30. **Attorneys' Fees.** Attorneys' fees are properly considered in calculating the amount-in-controversy requirement. *Galt*, 142 F.3d at 1156 (holding that claims for statutory attorneys' fees to be included in amount-in-controversy, regardless of whether such an award is discretionary or mandatory). For purposes of an amount-in-controversy analysis, the proper measure of attorneys' fees is the expected amount of reasonable attorneys' fees through trial. *Fritsch v. Swift Transp.*, 899 F.3d 785, 794 (9th Cir. 2018) ("a court must include future attorneys' fees recoverable by statute of contract when assessing whether the amount-in-controversy requirement is met.").

31. Alaska Airlines anticipates that the parties will propound written discovery; that depositions will be taken in this case; and that it will file a motion for summary judgment. Alvarez Decl. ¶ 7. If Plaintiff prevails, she could be entitled to an award of attorneys' fees that alone are "more likely than not" to exceed $75,000, as is typical in employment cases, such as here, alleging discrimination/retaliation and wrongful termination. Indeed, California courts have awarded attorneys' fees in excess of $75,000 in these types of cases. *See, e.g., Crawford v. DIRECTV, Inc.*, 2010 WL 5383296 (Sacramento County Sup. Ct. 2010) (approving attorneys' fee award of $159,762.50 in alleged discrimination action); *Davis v. Robert Bosch Tool Corp.*, 2007 WL 2014301, *9 (Cal. Ct. App. 2d Dist. July 13, 2007) (individual plaintiff sought $1.6 million in fees); *Denenberg v. Cal. Dep't of Transp.*, 2006 WL 5305734 (San Diego County Sup. Ct. 2006) (attorneys' fees award of $490,000 for claims including discrimination case). These cases demonstrate that if Plaintiff prevails and is awarded damages, her attorneys' fees are likely to place the amount-in-controversy well in excess of $75,000 for purposes of diversity jurisdiction.

32. **Punitive Damages.** The Court must also consider Plaintiff's request for punitive damages in determining the amount-in-controversy. *Gibson v. Chrysler Corp.*,

261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action."); *Mathews v. Happy Valley Conference Ctr.*, 43 Cal. App. 5th 236, 267 (Cal. Ct. App. 2019) ("Because plaintiff brings a claim under various provisions of the Labor Code that allow for punitive damages, punitive damages may be included in the amount in controversy here.").

33. In employment discrimination cases, such as here, California courts have affirmed punitive damages awards exceeding $1 million. *See e.g.*, *Roby v. McKesson Corp.*, 47 Cal. 4th 686 (2009) (holding that a punitive damages award of $1.9 million was appropriate in a disability discrimination and harassment case).

34. Other verdicts show that punitive damages in similar employment cases typically exceed $75,000 alone. *See McCray v. Westrock Services, LLC*, 2023 WL 6572683 (Aug. 24, 2023) (jury awarded $5,451,000 in punitive damages for claims of disability discrimination, failure to accommodate, failure to engage in an interactive process, and failure to prevent disability discrimination); *Quemada v. Cordoba Corporation*, 2019 WL 8581402 (Los Angeles County Sup. Ct. 2019) (jury awarded $1.5 million in punitive damages for claims of disability discrimination, failure to engage in the interactive process, failure to provide reasonable accommodations, failure to prevent discrimination and wrongful termination). Therefore, without conceding that punitive damages are appropriate or applicable here, a punitive damages award against a corporate defendant, if assessed, would easily exceed $75,000.

35. In sum, Plaintiff's potential aggregated recovery on her alleged claims easily satisfies the $75,000 jurisdictional threshold for purposes of diversity jurisdiction. While Alaska Airlines denies any liability as to Plaintiff's claims, it is "more likely than not" that the alleged amount-in-controversy in this case exceeds $75,000 (exclusive of interest and costs) as required by 28 U.S.C. § 1332(a).

## III. VENUE

36. Venue lies in this Court as the State Court Action was originally filed in the Superior Court of California for San Mateo County, which is located in the Northern District of California. *See* 28 U.S.C. §§ 1441(a), 1446(a), 84(a).

## IV. NOTICE OF REMOVAL

37. A true and correct copy of this Notice of Removal will be promptly served on Plaintiff, through her counsel, and also filed with the Clerk of the Superior Court of California for San Mateo County, as required under 28 U.S.C. § 1446(d).

## V. PRAYER FOR REMOVAL

WHEREFORE, Defendant Alaska Airlines prays that the above-titled action be removed from the Superior Court of California for San Mateo County to the United States District Court for the Northern District of California.

DATED: August 24, 2026

Respectfully submitted,

SEYFARTH SHAW LLP

By: Heriberto Alvarez, Jr.

Heriberto Alvarez, Jr.
Attorneys for Defendant
ALASKA AIRLINES, INC.